

FILED
DEC 14, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-30127 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| THEODORE RANDELLE TWO CROW, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was indicted for one count of second degree murder and one count of voluntary manslaughter arising out of the November 2004 death of Larry John Yellow Earring. He was acquitted at trial of the murder charge but convicted of the manslaughter charge. Defendant was sentenced on September 20, 2005, to 120 months custody. He appealed his conviction and sentence and the United States Court of Appeals for the Eighth Circuit affirmed on May 3, 2006, 2006 WL 1158816, 178 Fed. Appx. 610.

Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 7, 2007. He had earlier filed a motion for a 90 day extension of time to file his motion to vacate. The mandate issued as to defendant's appeal on June 6, 2006. The time for filing a petition for a writ of certiorari would not have expired until September 4, 2007, Sup. Ct. R. 13.1, and the conviction thus became final on that date. Clay v. United States. 537 U.S. 522, 525, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Defendant's motion to vacate was timely even without an extension of time to file.

Defendant contends that he received ineffective assistance of counsel at trial and on appeal. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Eighth Circuit has set forth the standards for consideration of a claim of ineffective assistance of counsel.

> Under the Supreme Court's well-established standard in *Strickland v. Washington*, a convicted defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88, 104 S.Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . . [T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 693, 695, 104 S.Ct. 2052.

United States v. Watkins, 486 F.3d 458, 465 (8th Cir. 2007).

## I. Jury Instructions.

Defendant contends that counsel was ineffective in failing to appeal the elements instruction given to the jury. The jury was instructed:

> The crime of voluntary manslaughter, as charged in Count II of the indictment, has five essential elements, which are:
> 1. That on or about the 12th day of November, 2004, the defendant voluntarily, intentionally, and unlawfully killed Larry Yellow Earring;
> 2. That the defendant acted without malice upon a sudden quarrel or heat of passion caused by adequate provocation, as defined in Instruction No. 14;
> 3. That the defendant was not acting in self defense as defined in Instruction No. 12;
> 4. That the defendant is an Indian; and
> 5. That the alleged offense took place in Indian Country.
>
> For you to find the defendant guilty of this crime charged in Count II of the indictment, the government must prove all of these essential elements beyond

a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

Defendant contends that the instruction given failed to articulate any mental state other than "in the heat of passion."

The Eighth Circuit has held that voluntary manslaughter "requires evidence of a killing upon sudden quarrel or heat of passion." United States v. Bordeaux, 980 F.2d 534, 537 (8th Cir. 1992), *citing* United States v. Eagle Elk, 658 F.2d 644, 648 (8th Cir.1981). The instruction, along with the definition instruction that followed properly set forth the mental state required for voluntary manslaughter. *See* 8th Circuit Model Criminal Jury Instruction 6.18.1112A. Defendant can not show that counsel's performance was deficient in failing to appeal the instruction given by the Court. Further, he can not show that the result of his appeal would have been different had the issue been raised.

## II. Admission of Photograph.

Defendant contends that counsel failed to argue on direct appeal that the admission of a photograph of him wearing jail garb violated Due Process. I conducted an analysis pursuant to Fed. R. Evid. 403 and admitted the photograph into evidence at trial in rebuttal to the defendant's claim that the victim had punched the defendant in the chin (the photo was evidence that the defendant had no visible injuries). The admission of that evidence was raised on appeal and addressed by the Court of Appeals. The Court of Appeals concluded that I had properly decided that the probative value of the photograph outweighed the danger of unfair prejudice to the defendant. The Court of Appeals also addressed the fact that eight pictures of the defendant taken after the crime were later discovered by the prosecution, which pictures did not depict the defendant in jail garb.

The Fifth Amendment Due Process Clause guarantees a criminal defendant the right to a fair trial. The defendant was not in shackles, handcuffs, or jail garb at any time during the trial. The admission of the photograph of the defendant at the time of his arrest the day after the crime did not prejudice the defendant's right to a fair trial. *See* United States v. Wright, 564 F.2d 785, 789 (8th Cir. 1977). Defendant cannot show that counsel was deficient in the manner that issue of the admission of the photograph was presented to the Court of Appeals.

### III. Admission of Evidence of Propensity for Violence.

Defendant contends that I erred in admitting evidence that he had prior convictions for assault. That matter was raised on appeal and the Court of Appeals affirmed the admission of that evidence. Issues which were raised and decided on direct appeal can not be relitigated in a motion to vacate pursuant to 28 U.S.C. § 2255. United States v. Davis, 406 F.3d 505, 511 (8th Cir. 2005) (*citing* Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992).

### IV. Perjury of a Witness.

Defendant contends that his conviction was obtained by the perjured testimony of a witness. I can not tell from the motion to vacate whether the defendant is claiming that the prosecution knowingly offered perjured testimony (*see* United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995), or that the defendant is entitled to relief based upon newly discovered evidence (*see* United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987)), or that there was inconsistent evidence to convict him because the evidence was from a witness whose inconsistent statements were devoid of credibility (*see* United States v. Bower, 484 F.3d 1021, 1025 (8th Cir. 2007), or whether he is attempting to raise some other ground warranting vacation of his conviction.

### ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Defendant's motion to vacate, set aside, or correct sentence, Doc. 89, is denied as to claims of ineffective assistance of counsel or claims which were raised on direct appeal.

2. Defendant's motion for an extension, Doc. 88, is denied as moot.

3. Defendant shall, on or before February 1, 2008, file a supplement to his motion to vacate setting forth the facts as to the alleged perjured testimony of witness Big Eagle, which facts he contends entitle him to relief under 28 U.S.C. § 2255.

Dated this 14th day of December, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Repke
DEPUTY
(SEAL)

4